# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PADILLA, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SKYTEL SYSTEMS, LLC, <br><br> Defendant. | Case No.: 1:19-cv-00351-AWI-BAM <br><br> ORDER VACATING HEARING DATE AND CONTINUING STATUS CONFERENCE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT <br><br> (Doc. 15) |

Currently pending before the Court is Plaintiff Ronald Padilla's motion for leave to file a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. 11.) Defendant SkyTel Systems, LLC is in default and did not file a timely opposition to the motion pursuant to Local Rule 230(c). (Doc. 7.) In the absence of any opposition, the Court finds the motion appropriate for resolution without oral argument and the hearing currently set for September 11, 2019, is VACATED. See Local Rule 230(g). The matter is deemed submitted.

Having considered the record and briefs on file, Plaintiff's motion for leave to amend shall be GRANTED.

**BACKGROUND**

On March 15, 2019, Plaintiff filed a purported class action complaint against SkyTel System, LLC regarding alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff contends that SkyTel Systems, LLC violated the TCPA by "placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent." (Doc. 1, Complaint at 1.) Plaintiff and other purported

1

class members received these calls from telephone number (800) 205-4259 and "when [the] number is called back, a recording states: 'Welcome to the SkyTel System . . . .'" (*Id.* at ¶¶ 9, 11.)

On June 12, 2019, default was entered against SkyTel Systems, LLC. (Doc. 7.)

On August 7, 2019, Plaintiff filed the instant motion for leave to amend to name the proper defendant in this action. Plaintiff asserts that further research has revealed that SkyTel Corp., not SkyTel Systems, LLC, is the owner of the number (800) 205-4259. (Doc. 11, Pl's Mtn. at ¶ 3.) Plaintiff reportedly subpoenaed Verizon Global Business, LLC, the telephone company that provides service for (800) 205-4259, requesting "information related to the ownership of the telephone number (800) 205-4259, from 03/15/15 to the present." (Doc. 11-1, Declaration of L. Timothy Fisher, Ex. B at 1.) In response, Verizon Global Business provided Plaintiff with the following name and address: "Bell Industries-Skytell, 188 E Capitol St., Suite 1390, Jackson, MS 39201." (*Id.* at 3). Plaintiff asserts that further investigation revealed that in December 2006, Bell Industries, Inc. acquired a Mississippi-based company named "SkyTel Corp." (Doc. 11, Pl's Mtn. at ¶ 4.) Plaintiff therefore believes that SkyTel Corp. is the owner of the phone number (800) 205-4259 and is the entity that placed the calls that form the basis of this action. (*Id.*) Plaintiff therefore requests leave to file a First Amended Class Action Complaint to add SkyTel Corp. as a defendant in this action and to dismiss all claims against Skytel Systems, LLC.

**DISCUSSION**

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." Chudacoff v. Univ. Med. Center of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings

should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, 316 F.3d at 1052.

Having considered the moving papers, the Court finds that Plaintiff has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, there will be no prejudice to defendant in permitting the amendment and there is no indication that such amendment is futile. Accordingly, leave to amend will be granted.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a First Amended Complaint (Doc. 11), filed on August 7, 2019, is GRANTED;

2. Within **seven (7) days** of the date of this Order, Plaintiff shall file his First Amended Complaint. Plaintiff also shall file appropriate papers to dismiss or to terminate SkyTel Systems, LLC from this action;

3. Plaintiff shall effectuate service of the First Amended Complaint within the time limit for service prescribed by Federal Rule of Civil Procedure 4(m); and

4. The Status Conference currently set for September 11, 2019, is HEREBY CONTINUED to **October 30, 2019, at 9:00 AM in Courtroom 8 (BAM) before the undersigned.**

*///*

The parties are encouraged to appear at the status conference by telephone with each party using the following dial-in number and access code: **dial-in number 1-877-411-9748; access code 3190866.**

IT IS SO ORDERED.

Dated: __**September 3, 2019**__　　　　　　　　　__/s/ *Barbara A. McAuliffe*__
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE